UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 5:26-cv-02760-CAS-E | Date | June 9, 2026 |
|---|---|---|---|
| Title | John Robert Hernandez v. Adelanto ICE Detention Warden | | |

Present: The Honorable      CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS) – MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER (Dkt. 11, filed June 5, 2026)

## I.    INTRODUCTION

On May 18, 2026, John Robert Hernandez ("Petitioner"), pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the Warden of the Adelanto Processing Center ("Respondent"). Dkt. 1 ("Pet."). Petitioner asserts that his detention violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment of the U.S. Constitution. Id. at 6-8.

On May 29, 2026, Respondent filed an answer to the petition. Dkt. 7 ("Ans.").

On June 5, 2026,[1] Petitioner filed the instant *ex parte* motion for temporary restraining order. Dkt. 11 ("Mot."). Petitioner requests that the Court order his immediate release from immigration detention. Id. at 13.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Petitioner is a native and citizen of Belize who has been previously removed from the United States. Dkt. 7-1 at 3. He later returned to the United States and was placed in removal proceedings. Id.

---

[1] The instant motion was docketed on June 9, 2026.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-02760-CAS-E | Date | June 9, 2026 |
|---|---|---|---|
| Title | John Robert Hernandez v. Adelanto ICE Detention Warden | | |

Petitioner has been convicted in state courts of four counts of robbery, selling amphetamines, assault on a peace officer, and being a felon in possession of a firearm. Dkt. 7-1 at 4.

On April 23, 2026, ICE detained Petitioner and took him into custody. Id. at 2.

## III.    LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal. Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (citation omitted).

If the Court issues a temporary restraining order, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 5:26-cv-02760-CAS-E | Date | June 9, 2026 |
|---|---|---|---|
| Title | John Robert Hernandez v. Adelanto ICE Detention Warden | | |

## IV.   DISCUSSION

Petitioner argues that his current detention violates the Due Process Clause of the Fifth Amendment and seeks immediate release from custody.  See Mot. at 11.

Petitioner's *ex parte* motion must be denied because he is not likely to succeed on his claim that his current detention violates due process or other applicable law.  8 U.S.C. § 1226 "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citation omitted).  Pursuant to 8 U.S.C. § 1226(c)(1), "[t]he 'Attorney General shall take into custody any [noncitizen]' who falls into one of several enumerated categories involving criminal offenses and terrorist activities."  Jennings v. Rodriguez, 583 U.S. 281, 289 (2018).  Among those subject to mandatory detention are certain categories of "inadmissible" noncitizens who have been "… convicted of … acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]"  8 U.S.C. § 1226(c)(1)(E).

Here, Petitioner has been convicted in state courts of four counts of robbery, selling amphetamines, assault on a peace officer, and being a felon in possession of a firearm.  Dkt. 7-1 at 4.  Accordingly, Petitioner's mandatory detention under 8 U.S.C. § 1226(c)(1)(E) is authorized by statute and does not likely violate due process.  See Rodriguez Diaz, 53 F.4th at 1203 (9th Cir. 2022) (holding that the procedures associated with detention under 8 U.S.C. § 1226(a) are sufficient to satisfy due process).

However, because Petitioner in his motion alleges that Respondent has failed to provide Petitioner with adequate medical aid or attention in violation of the Eighth Amendment,[2] Mot. at 5-6, Court finds it appropriate to issue an order to show cause as to why an injunction should not issue requiring Respondent to provide Petitioner with adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 103–05 (1976) (The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to provide necessary medical care can constitute an Eighth Amendment violation.).

---

[2] Petitioner alleges that he has a heart condition that requires medication, but that Respondent has not been able to provide him with such medication.  See Mot. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL            'O'

| Case No. | 5:26-cv-02760-CAS-E | Date | June 9, 2026 |
|----------|---------------------|------|--------------|
| Title | John Robert Hernandez v. Adelanto ICE Detention Warden | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** Petitioner's *ex parte* motion. The Court **ORDERS** that Respondent shall show cause in writing no later than three (3) days of the date of this Order as to why the Court should not issue a preliminary injunction requiring Respondent to provide Petitioner with adequate medical care. Petitioner may file a response no later than three (3) days after Respondent's filing.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |